## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

Luna LaToya Bey, *et al*.,

      Plaintiffs,

vs.

Karen Lanos, *et al*.,

      Defendants.

: Case No. 3:21-cv-209
:
: District Judge Michael J. Newman
: Magistrate Judge Sharon L. Ovington
:
:
:
:
:
:

## ORDER

Plaintiffs Luna LaToya Bey and Aladdin Moroc Bey initiated this action on July 30, 2021.  (Doc. No. 1).  Plaintiffs' initial filing included an "Affidavit of Financial Statement."  (Doc. No. 1-8).  Finding this to be lacking, the Court entered a Notice of Deficiency on that same date directing Plaintiffs to pay the required filing fee or file motions for leave to proceed *in forma pauperis* by August 30, 2021.  This was not done.  Instead, Plaintiffs submitted a document titled "Affidavit of Fact" and "Writ of Error." (Doc. No. 3).  Plaintiffs' submissions are presently before the Court for review.

There is a specific statutory provision that guides the present analysis.   In accordance with 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appear therein, without the prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person]

possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).

Both submissions in the present case, which derive from "the Moorish National Republic" and "the Moorish Divine and National Movement of the World," merely set forth, in relevant part, that Plaintiffs "do not have, or possess, any gold or silver coins…" (Doc. No. 1-8, PageID 16) (Doc. No. 3, PageID 29).  However, this assertion does not equate to a statement of assets.  *See Nin El Ameen Bey, et al. v. John Stumpf, et al.*, 825 F. Supp. 2d 537, 546-52 (D.N.J. Oct. 17, 2011) (stating that the fact that plaintiffs aver they "possess no 'gold or silver coins' changes nothing for the purposes of this Court's analysis, since such fact, even if true, does not indicate that Plaintiffs do not have assets within the meaning of Section 1915(a)").  Quite simply, Plaintiffs' submissions are devoid of the information that this Court requires to meaningfully assess whether Plaintiffs have the ability to pay the filing fee as set forth in 28 U.S.C. § 1915(a)(1).

Plaintiffs' submissions here are similar to those at issue in *Noble Alim El Bey v. Franklin Cty. Mun. Court*, No. 2:18-cv-522, 2018 WL 3364648, *1 (S.D. Ohio July 10, 2018) (Jolson, M.J.), report and recommendation affirmed, 2018 WL 4690246 (S.D. Ohio Sept. 28, 2018 (Sargus, D.J.).  As in this case, the plaintiff had submitted an "Affidavit of Financial Statement" under the "Moorish National Republic" and "Moorish Divine and National Movement of the World" averring "that he [did] not possess any gold or silver coins to pay the filing fee." *Id.*  He filed a "Writ of Error" reflecting the same. *Id.*  The court determined that this did not satisfy the relevant provision, and observed that other

2

courts, *e.g.*, *Faruq El Bey v. Barry*, No. 2:13-cv-732, 2013 WL 4482463, at *1-2 (S.D. Ohio Aug. 21, 2013), have found such submissions to be "facially defective." *Id.* at *1-2. The plaintiff failed to comply with the court's directive to pay the filing fee, or in the alternative, submit an application for leave to proceed *in forma pauperis*. As a result, the court ultimately recommended dismissal of the case for want of prosecution. *Id.* at *2.

For the reasons set forth above, Plaintiffs' submissions in the present case remain deficient. Accordingly, to the extent that Plaintiffs' submissions are intended to serve as Plaintiffs' applications to proceed *in forma pauperis*, such request is **DENIED** without prejudice. Plaintiffs are **ORDERED** to submit, within twenty-one (21) days, the required filing fee or alternatively, their respective applications for leave to proceed *in forma pauperis*. Plaintiffs are advised that the Court will recommend dismissal of this case for want of prosecution should they fail to timely comply with this Order. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). The Clerk is **DIRECTED** to send two copies of the *in forma pauperis* application to Plaintiffs.

       **IT IS SO ORDERED.**

September 20, 2021                              *s/Sharon L. Ovington*
                                        Sharon L. Ovington
                                        United States Magistrate Judge